# Westlaw.

812 A.2d 224 (Table)
812 A.2d 224 (Table), 2002 WL 31780197 (Del.Supr.)
**Unpublished Disposition**
(Cite as: 812 A.2d 224, 2002 WL 31780197 (Del.Supr.))

Page 1

(The decision of the Court is referenced in the Atlantic Reporter in a 'Table of Decisions Without Published Opinions.')

Supreme Court of Delaware.

Kelly CHURCHILL, Defendant Below, Appellant,
v.
STATE of Delaware, Plaintiff Below, Appellee.

No. 195,2002.

Submitted Oct. 22, 2002.
Decided Nov. 20, 2002.

Defendant was convicted in the Superior Court, Kent County, of delivery of cocaine, and he appealed. The Supreme Court held that: (1) even if defendant was prejudiced by police officer's testimony, trial court's prompt curative instruction protected defendant's right to a fair trial; (2) prosecutor did not improperly vouch for police officers during closing argument; and (3) trial court's failure to intercede sua sponte to cure effect of alleged "improper" prosecutorial argument was not plain error.

Affirmed.

West Headnotes
**[1] Criminal Law** ⚖ 1169.5(3)
110k1169.5(3) Most Cited Cases
Even if defendant was prejudiced by police officer's testimony that another man "bought an amount of cocaine" and then defendant "had the money from it," trial court's prompt curative instruction protected defendant's right to a fair trial on charge of delivery of cocaine.
**[2] Criminal Law** ⚖ 720(5)
110k720(5) Most Cited Cases
Prosecutor's statement during closing argument, which was confined to how police officers attempt to perform their duties as honestly as they can, not how particular officers testified during trial, was rebuttal as to defense claim of bias and prejudice, rather than comment on testimony, and, thus, was not improper vouching.
**[3] Criminal Law** ⚖ 1035(9)
110k1035(9) Most Cited Cases
Trial court's failure to intercede sua sponte to cure effect of alleged "improper" prosecutorial argument was not plain error in prosecution for delivery of cocaine.

Court Below: Superior Court of the State of Delaware in and for Kent County, Cr. ID No. 0107004333.

Before VEASEY, Chief Justice, WALSH and BERGER, Justices.

ORDER
\*\*1 This 20th day of November 2002, it appears to the Court that:

(1) On October 31, 2001, the defendant-appellant, Kelly V. Churchill ("Churchill"), was convicted of one count of Delivery of Cocaine. On March 13, 2002, Churchill was sentenced to life in prison under Delaware's Habitual Offender statute. On appeal, Churchill argues that three purported trial errors warrant a reversal of his conviction. We hold that Churchill's claims lack merit, and accordingly we affirm the judgment of the Superior Court.

(2) In the summer of 2001, City of Dover police officers were conducting surveillance in the vicinity of South New Street, a "high crime area" believed to be an open air drug market. On July 8, 2001, at approximately 2:00 a.m., Officers Anthony DiGirolomo and Derek Lawson were located atop the roof of a shoe repair shop on West Division Street, between South New Street and South Governor's Avenue. Four additional officers were stationed in concealed locations on the perimeter of the scene, among them Officer Nicholas Berna who was parked in a firehouse parking lot on South Governor's Avenue. The two officers atop the shoe repair shop observed Churchill walk out into

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

812 A.2d 224 (Table)
812 A.2d 224 (Table), 2002 WL 31780197 (Del.Supr.)
Unpublished Disposition
(Cite as: 812 A.2d 224, 2002 WL 31780197 (Del.Supr.))

Page 2

Division Street yelling "I got 30 bucks worth of dope." As Churchill proceeded eastward on Division Street he encountered William Lloyd. After a brief conversation, Churchill handed something to Lloyd in exchange for cash. Upon completion of the transaction, Churchill and Lloyd walked toward Governor's Avenue. Officer DiGirolomo radioed to Officer Berna and reported the apparent drug transaction. Less than a minute later, Berna and the other officers stationed on the perimeter of the scene confronted Churchill and Lloyd. During the search incident to arrest, the Officers retrieved a twenty dollar bill from Churchill, and a piece of what was believed to be crack cocaine from Lloyd's front pocket. Forensic chemical analysis later revealed that the item seized from Lloyd was indeed 0.1 grams of crack cocaine.

(3) At trial, Officer DiGirolomo testified that he observed the transaction between Churchill and Lloyd. DiGirolomo explained the circumstances surrounding the transaction, and also testified that he radioed the information to Officer Berna, the arresting officer. Officer Berna testified regarding the apprehension of Churchill and Lloyd, and in particular stated that "[Lloyd] bought an amount of cocaine and then Mr. Churchill had the money from it." The defense did not object to this statement, nor to the question that elicited Officer Berna's response. Nevertheless, the trial judge, *sua sponte*, issued a prompt curative instruction. Later, during direct examination of Officer Lawson, Churchill moved for a mistrial on the basis of Officer Berna's statement. The court took the motion "under advisement," but later denied it on the basis that the statement did not mislead the jury, and the curative instruction was sufficient to cure any potential prejudice. Churchill never testified at trial, and was convicted.

**2 [1] (4) Churchill argues that Officer Berna's testimony, and the trial court's immediate instruction to disregard, prejudiced his right to a fair trial. Thus, according to Churchill, the denial of the motion for a mistrial was an abuse of the trial court's discretion. There is no meaningful alternative to a mistrial where the prejudice to the defendant is egregious and "a curative instruction is deemed insufficient to cure prejudice to the defendant." [FN1] If, however, the trial court's efforts to remedy the potential prejudice are effective, a mistrial is unnecessary. [FN2] Here, the court interrupted Officer Berna's testimony, and *sua sponte* issued a curative instruction to the jury. Even if Officer Berna's testimony prejudiced the defendant, the court's prompt curative instruction protected Churchill's right to a fair trial.

> FN1. *See, e.g., Ashley v. State,* 798 A.2d 1019, 1022 (Del.2002).

> FN2. *Sawyer v. State,* 634 A.2d 377, 380 (Del.1993) ("Even when prejudicial evidence is admitted, its prompt excision followed by a cautionary instruction will usually preclude a finding of reversible error.") (citing *Pennell v. State,* 602 A.2d 48, 52 (Del.1991)).

[2] (5) Next, Churchill argues that the trial court abused its discretion by denying his next motion for mistrial during the State's rebuttal closing. In response to defense speculation of the officers' possible bias and prejudice toward Churchill, the prosecutor asked rhetorically whether "the officers [were] simply out there doing their job the best way they can[,] as honestly as they can?" Defense counsel objected on the basis that the prosecutor was improperly vouching for the State's witnesses, and the trial judge issued a curative instruction reminding the jury that they alone were responsible for determining the credibility of witnesses. Despite this instruction, Churchill again moved for a mistrial, but the motion was denied. The jury was advised to disregard any expression of personal opinion regarding the credibility of a witness. The trial judge's instruction was sufficient. The prosecutor's statement was confined to how the officers attempt to perform their duties, *not* how these particular officers testified during the trial. Because the prosecutor was rebutting a claim of bias and prejudice rather than commenting on testimony, this statement was not improper vouching.

[3] (6) Finally, Churchill argues that the trial court erred by failing to intervene *sua sponte* to cure the effect of "improper" prosecutorial argument. In particular, Churchill points to two statements made during rebuttal closing. First, the prosecutor asked

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

812 A.2d 224 (Table)
812 A.2d 224 (Table), 2002 WL 31780197 (Del.Supr.)
**Unpublished Disposition**
(Cite as: 812 A.2d 224, 2002 WL 31780197 (Del.Supr.))

Page 3

the jury to "consider the opportunity for the officers to coordinate their stories if they wanted to purposely mislead the jury in this case." The prosecutor then closed by suggesting that "[u]pon considering all of the evidence in this case, the State believes that there's but one conclusion, that there's no real possibility that the defendant did not deliver cocaine, and we'd ask you to return a verdict of guilty." Defense counsel did not object to either of these purportedly improper statements, and therefore the trial court's failure to intervene *sua sponte* is reviewed for plain error. [FN3] This review requires us to consider whether "(a) credibility is a central issue, (b) the case is close, and (c) the prosecutor's comments are so clear and defense counsel's failure to object is so inexcusable that a trial judge has no reasonable alternative other than to intervene *sua sponte* and declare a mistrial or issue a curative instruction." [FN4] Under this precedent, and based on this record, we conclude that the trial court's failure to intercede *sua sponte* does not constitute plain error.

   FN3. *Capano v. State,* 781 A.2d 556, 652-653 (Del.2001).

   FN4. *Cousins v. State,* 2001 WL 1353571, *1 (Del. Nov.2, 2001).

**\*3** NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court be, and the same hereby is,

AFFIRMED.

812 A.2d 224 (Table), 2002 WL 31780197 (Del.Supr.), Unpublished Disposition

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | IK01-07-0161-R1 |
| | ) | |
| KELLY V. CHURCHILL | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| ID. No. 0107004333 | ) | |

James Kriner, Esq., Deputy Attorney General, 102 West Water Street, Dover, Delaware, for the State of Delaware.

Kelly V. Churchill, *pro se*.

## COMMISSIONER'S REPORT AND RECOMMENDATIONS

### Upon Defendant's Motion For Postconviction Relief
### Pursuant to Superior Court Criminal Rule 61

FREUD, Commissioner
June 10, 2004

    On October 31, 2001 the Defendant, Kelly V. Churchill ("Churchill") was found guilty by a jury of one count of Delivery of a Narcotic Schedule II Controlled Substance, cocaine, 16 *Del. C.* § 4751. On December 26, 2001 that State filed a motion to declare Churchill an habitual offender pursuant to 11 *Del. C.* § 4214(b). The State filed an amended motion on January 18, 2002. On March 13, 2002

*State v. Churchill*
ID No. 0107004333
June 10, 2004

following a hearing, the Court declared Churchill an habitual offender under 11 *Del. C.* § 4214(b). The Court then sentenced Churchill to life in prison, as an habitual offender.

A timely notice of appeal was filed. On appeal, the Supreme Court affirmed Churchill's conviction and sentence.[1] Next, Churchill filed the pending postconviction motion in which he raises two grounds for relief, including ineffective assistance of counsel.

## I. FACTS

The following is a summary of the facts as noted by the Supreme Court in its opinion:

> In the summer of 2001, City of Dover police officers were conducting surveillance in the vicinity of South New Street, a "high crime area" believed to be an open air drug market. On July 8, 2001, at approximately 2:00 a.m., Officers Anthony DiGirolomo and Derek Lawson were located atop the roof of a shoe repair shop on West Division Street, between South New Street and South Governor's Avenue. Four additional officers were stationed in concealed locations on the perimeter of the scene, among them Officer Nicholas Berna who was parked in a firehouse parking lot on South Governor's Avenue. The two officers atop the shoe repair shop observed Churchill walk out into Division Street yelling "I got 30 bucks worth of dope." As Churchill proceeded eastward on Division Street he encountered William Lloyd. After a brief conversation, Churchill handed something to Lloyd in exchange for cash. Upon completion of the transaction, Churchill and Lloyd walked toward Governor's Avenue. Officer

---

[1] *Churchill v. State*, Del. Supr., No. 195, 2002, Walsh, J. (Nov. 21, 2002).

2

*State v. Churchill*
ID No. 0107004333
June 10, 2004

DiGirolomo radioed to Officer Berna and reported the apparent drug transaction. Less than a minute later, Berna and the other officers stationed on the perimeter of the scene confronted Churchill and Lloyd. During the search incident to arrest, the Officers retrieved a twenty dollar bill from Churchill, and a piece of what was believed to be crack cocaine from Lloyd's front pocket. Forensic chemical analysis later revealed that the item seized from Lloyd was indeed 0.1 grams of crack cocaine.

## II. CHURCHILL'S CONTENTIONS

In his motion for postconviction relief, Churchill asserts the following grounds for relief:

> Ground one: Defense Counsel did not effect a reasonable investigation in order to prepare for trial.

> Ground two: The Trial Court errored (sic) in sentencing the Defendant for Trafficking Cocaine.

## III. PROCEDURAL CONSIDERATIONS

Under Delaware Law the Court must first determine whether Churchill has met the procedural requirements of Superior Court Criminal Rule 61(i) before it may consider the merits of the postconviction relief claims.[2] Under Rule 61, postconviction claims for relief must be brought within three years of the conviction

---

[2] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991); *Younger v. State*, 580 A.2d 554 (Del. 1990) (*citing Harris v. Reed*, 489 U.S. 255 (1989)); *see Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

3

*State v. Churchill*
ID No. 0107004333
June 10, 2004

becoming final.[3] Churchill's motion was filed within the time period allowed, thus the bar of Rule 61(i)(1) does not apply to the motion. As this is Churchill's initial motion for postconviction relief, the bar of Rule 61(i)(2), which prevents consideration of any claim not previously asserted in a postconviction motion, does not apply either.

Grounds for relief not asserted in the proceedings leading to judgment of conviction are thereafter barred unless the movant demonstrates: (1) cause for the procedural fault and (2) prejudice from a violation of the movant's rights.[4] The bars to relief are inapplicable to a jurisdictional challenge or to a colorable claim or miscarriage of justice stemming from a constitutional violation that "undermines the fundamental legality, reliability, integrity or fairness of the proceeding leading to the judgment of conviction."[5]

Only Churchill's first claim is premised on allegations of ineffective assistance of counsel. Churchill has therefore seemingly alleged sufficient cause for not having asserted this ground for relief at trial and on direct appeal. These types of claims are not normally subject to the procedural default rule, in part because the Delaware Supreme Court will not generally hear such claims for the first time on

---

[3] Super. Ct. Crim. R. 61(i)(1).

[4] Super. Ct. Crim. R. 61(i)(3).

[5] Super. Ct. Crim. R. 61(i)(5).

4

*State v. Churchill*
ID No. 0107004333
June 10, 2004

direct appeal. For this reason, many defendants, including Churchill, allege ineffective assistance of counsel in order to overcome the procedural default.

However, this path creates confusion if the defendant does not understand that the test for ineffective assistance of counsel and the test for cause and prejudice are distinct, albeit similar, standards.[6] The United States Supreme Court has held that:

> [i]f the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that the responsibility for the default be imputed to the State, which may not "conduc[t] trials at which persons who face incarceration must defend themselves without adequate legal assistance"; ineffective assistance of counsel then is cause for a procedural default.[7]

A movant who interprets the final sentence of the quoted passage to mean that he can simply assert ineffectiveness and thereby meet the cause requirement will miss the mark. Rather, to succeed on a claim of ineffective assistance of counsel, a movant must engage in the two part analysis enunciated in *Strickland v. Washington*[8] and adopted by the Delaware Supreme Court in *Albury v. State*.[9]

---

[6]   *State v. Gattis*, 1995 WL 790961, at *3 (Del. Super. 1995).

[7]   *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

[8]   466 U.S. 668 (1984).

[9]   551 A.2d 53 (Del. 1988).

*State v. Churchill*
ID No. 0107004333
June 10, 2004

The *Strickland* test requires the movant show that counsel's errors were so grievous that his performance fell below an objective standard of reasonableness.[10] Second, under *Strickland* the movant must show there is a reasonable degree of probability that but for counsel's unprofessional error the outcome of the proceedings would have been different, that is, actual prejudice.[11] In setting forth a claim of ineffective assistance of counsel, a defendant must make and substantiate concrete allegations of actual prejudice or risk summary dismissal.[12]

Generally, a claim for ineffective assistance of counsel fails unless both prongs of the test have been established.[13] However, the showing of prejudice is so central to this claim that the *Strickland* court stated "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."[14] In other words, if the Court finds that there is no possibility of prejudice even if a defendant's allegations regarding counsel's representation were true, the Court may dispose of the claim on

---

[10]   466 U.S. at 687; *see* 673 A.2d at 1190.

[11]   466 U.S. at 694; *see* 673 A.2d at 1190; *Skinner v. State*, 607 A.2d 1170, 1172 (Del. 1992).

[12]   *Righter v. State*, 704 A.2d 262, 264 (Del. 1997); *Keichline v. State*, 1995 Del. LEXIS 221 (Del. 1995); *Skinner v. State*, 1994 Del. LEXIS 84 (Del. 1994); 580 A.2d at 556; *Robinson v. State*, 562 A.2d 1184, 1185 (Del. 1989); *see accord Wells v. Petstock*, 941 F.2d 253, 259-60 (3d Cir. 1991).

[13]   466 U.S. at 687.

[14]   *Id.* at 697.

*State v. Churchill*
ID No. 0107004333
June 10, 2004

this basis alone.[15] Furthermore, the defendant must rebut a "strong presumption" that trial counsel's representation fell within the "wide range of reasonable professional assistance," and this Court must eliminate from its consideration the "distorting effects of hindsight when viewing that representation."[16]

In the case at bar, Churchill attempts to show cause for his procedural default by making merely conclusory assertions of ineffectiveness of counsel. In regards to prejudice, Churchill simply claims that counsels alleged failure to investigate was in some non-described way prejudicial. Under the circumstances of the case, Churchill's allegations are meritless. These failures are fatal to Churchill's Rule 61 petition and should result in summary dismissal for this claim.[17] The Supreme Court found no error in the trial.

Turning briefly to Churchill's second ground for relief that he should not have been sentenced for trafficking in cocaine. This allegation is clearly meritless. Churchill was indicted for Delivery of a Narcotic Schedule II Controlled Substance, cocaine, not Trafficking. This claim is unsupported by the record. Additionally,

---

[15]   1995 WL 790961, at *4.

[16]   466 U.S. at 689; 673 A.2d at 1190; *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).

[17]   *See, e.g.* 671 A.2d at 1356; 1994 Del. LEXIS 84; *Wright v. State*, 1992 WL 53416 (Del. 1992); *Brawley v. State*, 1992 WL 353838 (Del. 1992); *see also, Dixon v. State*, 1992 WL 21124 (Del. 1992).

7

*State v. Churchill*
ID No. 0107004333
June 10, 2004

Churchill has failed to allege cause for not raising this issue earlier and as such it is barred by Rule 61.

## IV. CONCLUSION

After reviewing the record in this case, it is clear that Churchill has failed to avoid the procedural bars of Rule 61(i). Consequently, I recommend that Churchill's postconviction motion be *dismissed* as procedurally barred by Rule 61(i)(3) for failure to prove cause and prejudice.

Commissioner Andrea M. Freud

oc: Prothonotary
xc: Hon. James T. Vaughn, Jr.
    James Kriner, Esq.
    Deborah L. Carey, Esq.
    Kelly V. Churchill, DCC
    File

8

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | IK01-07-0161-R1 |
| | ) | |
| KELLY V. CHURCHILL | ) | |
| (ID. No. 0107004333) | ) | |
| | ) | |
| Defendant. | ) | |
| ID. No. 0107004333 | ) | |

James Kriner, Esq., Department of Justice, Dover, Delaware. Attorney for the State.

Kelly V. Churchill, *pro se.*

*Upon Consideration of Defendant's*
*Motion For Postconviction Relief*
*Pursuant to Superior Court Criminal Rule 61*
**DENIED**

RECEIVED AND FILED
04 OCT 29 PM 2:44
KENT COUNTY
PROTHONOTARY

**VAUGHN, President Judge**



EXHIBIT C

*State v. Churchill*
ID. No. 0107004333
October 29, 2004

## ORDER

Upon consideration of defendant's Motion For Postconviction Relief, the Commissioner's Report and Recommendation, and the record in this case, it appears:

1. The defendant was found guilty by a jury on October 31, 2001 of Delivery of a Narcotic Schedule II Controlled Substance, Cocaine, 16 *Del. C.* § 4751. The State filed a motion and subsequently an amended motion to declare the defendant an habitual offender under 11 *Del. C.* § 4214(b). The Court granted the State's motion and sentenced the defendant to life in prison on March 13, 2002.

2. The defendant appealed his conviction and sentence to the Delaware Supreme Court which affirmed the defendant's conviction and sentence. Next, the defendant filed the pending motion for postconviction relief. In that motion he raises the following two grounds for relief: defense counsel did not effect a reasonable investigation to prepare for trial; and the trial court erred in sentencing the defendant for the crime of trafficking cocaine.

3. The Motion For Postconviction Relief was referred to the Court Commissioner Andrea M. Freud for proposed findings and recommendation pursuant to 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62.

4. The Commissioner determined the first ground to be meritless and recommended that it be dismissed. With regard to the second ground raised, the defendant failed to raise this ground earlier, therefore, it is barred under Rule.61.

5. A copy of the Commissioner's report dated June 10, 2004 is attached hereto. The defendant did not file an appeal from the Commissioner's Report and

*State v. Churchill*
ID. No. 0107004333
October 29, 2004

Recommendation. However, on August 13, 2004 the defendant filed a Motion to Expand the Record Pursuant to Criminal Rule 61(g)(1)(2) which was denied October 5, 2004.

**NOW, THEREFORE, IT IS ORDERED** that:

a. Having conducted a *de novo* review of the proceedings I adopt the well-reasoned Commissioner's Report and Recommendation;

b. The defendant's Motion for Postconviction Relief is *denied*.

_____
President Judge

Enclosure
oc:  Prothonotary
cc:  Hon. Andrea M. Freud
     James Kriner, Esq.
     Deborah L. Carey, Esq.
     Kelly V. Churchill
     File

3

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KELLY CHURCHILL, | § § | |
| Defendant Below-Appellant, | § § § | No. 546, 2004 |
| v. | § § § § | Court Below---Superior Court of the State of Delaware, in and for Kent County |
| STATE OF DELAWARE, | § § | Cr. A. No. IK01-07-0161 R1 |
| Plaintiff Below-Appellee. | § § § | |

Submitted: January 11, 2005
Decided: February 10, 2005

Before **STEELE**, Chief Justice, **HOLLAND** and **BERGER**, Justices

## ORDER

This 10th day of February 2005, it appears to the Court that:

(1) On December 14, 2004, the Court received the appellant's notice of appeal from the Superior Court's October 5, 2004 order denying his request to expand the record and the Superior Court's October 29, 2004 order denying his motion for postconviction relief pursuant to Superior Court Criminal Rule 61. Pursuant to Supreme Court Rule 6, a timely notice of appeal from the October 29, 2004 order should have been filed on or before November 29, 2004.

(2) On December 14, 2004, the Clerk issued a notice pursuant to Supreme Court Rule 29(b) directing the appellant to show cause why the appeal should not be dismissed as untimely filed. The appellant filed his response to the notice to

to the general rule that mandates the timely filing of a notice of appeal. Thus, the Court concludes that the within appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED that, pursuant to Supreme Court Rule 29(b), the within appeal is DISMISSED.

BY THE COURT:

*/s/ Randy J. Holland*

Justice