IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **KELLY CHURCHILL**, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 05-439-SLR |
| | : | |
| **THOMAS L. CARROLL**, | : | |
| Warden, and **M. JANE BRADY**, | : | |
| Attorney General for the State of Delaware, | : | |
| | : | |
| Respondents. | : | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

In October 2001, the petitioner, Kelly Churchill, was convicted by a Delaware Superior Court jury of delivery of cocaine (Del. Code Ann. tit. 16, § 4751). State prosecutors subsequently moved to declare Churchill an habitual offender pursuant to § 4214(b) of Title 11 of the Delaware Code. On March 13, 2002, following a hearing, Churchill was declared an habitual offender and sentenced to life in prison. *See Churchill v. State*, 2002 WL 31780197 (Del. Nov. 20, 2002). The Delaware Supreme Court affirmed Churchill's conviction and sentence on direct appeal. *Id*. In May 2003, Churchill applied *pro se* for state postconviction relief under Superior Court Criminal Rule 61. *See* Superior Court Criminal Docket in ID 0107004333 at docket item 41. Superior Court denied his motion and Churchill appealed. *See Churchill v. State*, 2005 WL 534920 (Del. Feb. 10, 2005). The Delaware Supreme Court dismissed Churchill's appeal as untimely. *Id*.

Facts

As detailed by the Delaware Supreme Court, *Churchill*, 2002 WL 31780197 at **1, the facts leading to Churchill's arrest and conviction are as follows:

> In the summer of 2001, City of Dover police officers were conducting surveillance in the vicinity of South New Street, a "high crime area" believed to be an open air drug market. On July 8, 2001, at approximately 2:00 a.m., Officers Anthony DiGirolomo and Derek Lawson were located atop the roof of a shoe repair shop on West Division Street, between South New Street and South Governor's avenue. Four additional officers were stationed in concealed locations on the perimeter of the scene, among them Officer Nicholas Berna who was parked in a firehouse parking lot on South Governor's Avenue. The two officers atop the shoe repair shop observed Churchill walk out into Division Street yelling "I got 30 bucks worth of dope." As Churchill proceeded eastward on Division Street he encountered William Lloyd. After a brief conversation, Churchill handed something to Lloyd in exchange for cash. Upon completion of the transaction, Churchill and Lloyd walked toward Governor's Avenue. Officer DiGirolomo radioed to Officer Berna and reported the apparent drug transaction. Less than a minute later, Berna and the other officers stationed on the perimeter of the scene confronted Churchill and Lloyd. During the search incident to arrest, the Officers retrieved a twenty dollar bill from Churchill, and a piece of what was believed to be crack cocaine from Lloyd's front pocket. Forensic chemical analysis later revealed that the item seized from Lloyd was indeed 0.1 grams of crack cocaine.

Discussion

In his petition for federal habeas relief, Churchill raises two grounds for relief: (1) trial counsel was ineffective for three reasons: (a) counsel failed to investigate whether or not there were potential witnesses, (b) counsel did not take ample time to keep Churchill apprised of his case, and (c) counsel failed to move pre-trial for dismissal of the charge due to insufficient evidence; (2) the evidence was insufficient to convict Churchill of delivery of cocaine or trafficking in cocaine. D.I. 1 at 5. Churchill's claims, however, are unavailing.

*Claim 1 – Ineffective assistance of counsel*

A state petitioner seeking federal habeas relief must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Alston v. Redman*, 34 F.3d 1237, 1241-42 (3d Cir. 1994). In order to demonstrate that a claim has been exhausted in state court, a petitioner "must show that he presented each claim to the Delaware Supreme Court." *Bailey v. Snyder*, 855 F. Supp. 1392, 1399 (D. Del. 1993); *See also Picard*, 404 U.S. at 275; *Burkett v. Love*, 89 F.3d 135, 138 (3d Cir. 1996); *Toulson v. Beyer*, 987 F.2d 984, 986 (3d Cir. 1993). "It is not necessary, however, that the state's highest court decide petitioner's claims on the merits before those claims can be considered exhausted." *Kirby v. Delaware Via Detainer*, 2001 WL 641729, *3 (D. Del.) (citations omitted). Further, Churchill must have presented to the state courts the legal and factual basis of the claims which he presents to the federal habeas court. *See* 28 U.S.C. § 2254(b); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Landano v. Rafferty*, 897 F.2d 661, 670-71 (3d Cir.), *cert. denied*, 498 U.S. 811 (1990); *Gibson v. Scheidemantel*, 805 F.2d 135, 139 (3d Cir. 1986). Churchill presented his claim of ineffective assistance of trial counsel due to failure to investigate in his state postconviction motion, but failed to timely appeal the Superior Court's denial of the motion. *See Churchill*, 2005 WL 534920 at **1. The Delaware Supreme Court's denial of Johnson's appeal as untimely "rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). Thus, this claim is exhausted, but procedurally barred. *See Kirby*, 2001 WL 641729, *3 (denying petitioner's claim as procedurally barred where the state supreme court rejected petitioner's appeal as untimely).

Churchill did not present his other two ineffectiveness claims (counsel did not keep Churchill apprised of the status of his case and counsel failed to move for dismissal of the indictment) to the state courts at all. Those two claims are thus unexhausted. *See Gibson*, 805 F.2d at 139. If, however, there is no available state remedy, then Churchill is excused from the exhaustion requirement with respect to these claims. *See Teague v. Lane*, 489 U.S. 288, 298 (1989); *Castille*, 489 U.S. at 351-52. If Churchill now tried to raise these two ineffective assistance claims (claims (b) and (c)) in state court, the claims would be barred under Superior Court Criminal Rule 61(i)(2) for failure to have raised the claims in his first postconviction motion unless consideration was warranted in the interest of justice. Moreover, because his conviction became final more than three years ago, these claims would also now be time-barred under the rule. *See* DEL. SUPER. CT. CRIM. R. 61(i)(1). As a result, Churchill is excused from satisfying the exhaustion requirement as to his ineffective assistance of counsel claims (b) and (c). *See Lawrie v. Snyder*, 9 F. Supp. 2d 428, 454 (D. Del. 1998).

Nevertheless, federal habeas review of all three of Churchill's ineffective assistance of counsel claims is barred unless Churchill establishes cause for his procedural defaults in the state courts and actual prejudice. *See Coleman*, 501 U.S. at 750-51; *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir.) *cert. denied*, 504 U.S. 944 (1992); *Johnson v. Ellingsworth*, 783 F. Supp. 215, 218-21 (D. Del. 1992). To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense" precluded his compliance with state procedural rules. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 487 (1986). To establish prejudice under the cause and prejudice standard, a petitioner must show "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of

4

constitutional dimensions." *Carrier*, 477 U.S. at 493-94 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982). Churchill has failed to allege cause for his procedural default, and the claims can be dismissed on that basis alone.

Moreover, Churchill cannot establish prejudice. In order to establish that he received constitutionally ineffective assistance of counsel, Churchill was required to demonstrate that: defense counsel's representation fell below an objective standard of reasonableness; and that but for counsel's unprofessional errors, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984); *Wells v. Petsock*, 941 F.2d 253, 259 (3d Cir. 1991). A habeas petitioner must allege facts which, if accepted as true, would satisfy both prongs of the *Strickland* test: deficient performance and prejudice to the defense. *See Wells*, 941 F.2d at 259-60; *cf. Sistrunk v. Vaughn*, 96 F.3d 666, 670 (3d Cir. 1996). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland*, 466 U.S. at 689. Thus, to sustain an ineffectiveness claim, a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells*, 941 F.2d at 259-60; *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). Against this backdrop, Churchill, having made only vague and conclusory allegations unsupported by any facts or the record, cannot establish either prong of the *Strickland* standard. Churchill failed to allege that any witnesses beneficial to his defense existed, or what testimony would have been elicited had any witnesses been discovered. Given the fact that there was eyewitness testimony concerning the drug transaction, it is unlikely that a pre-trial motion to dismiss the indictment would have successful.[1] Finally, Churchill does not explain how any alleged failure of his counsel to keep Churchill informed of

---

[1] In fact, there is no basis in state law for such a motion. *See State v. Crawford*, 297 A.2d 55, 56 (Del. Super. Ct. 1972).

5

his case affected the outcome at trial. Thus, Churchill cannot establish prejudice and his ineffective assistance of counsel claims should be dismissed.

*Claim 2 – Insufficient evidence*

In his second claim, Churchill contends that there was insufficient evidence to convict him of delivery of cocaine or trafficking in cocaine. D.I. 1 at 5. Churchill presented the claim that he was improperly sentenced for trafficking cocaine to the Superior Court in his state postconviction motion. Churchill, however, failed to timely file an appeal from the denial of his postconviction motion. To the extent that his claims of insufficient evidence were raised in his state postconviction motion, the claims remain unexhausted because he failed to perfect an appeal to the state supreme court. If Churchill tried to raise these claims in a second state postconviction motion, the claims would be barred under Rule 61(i)(3) for failure to have raised the claims in the proceedings leading to the judgment of conviction, unless Churchill demonstrated cause for his procedural default and resulting prejudice. The claims would also now be barred under Rule 61(i)(1) as time barred, more than three years having elapsed since his conviction became final in 2001. As a result, Churchill is excused from satisfying the exhaustion requirement on his sufficiency of the evidence claims. *See Lawrie*, 9 F. Supp.2d at 454. Nevertheless, federal habeas review of the claims is barred unless Churchill establishes cause for his procedural default in the state courts and actual prejudice. *See Coleman*, 501 U.S. at 750-51; *Caswell*, 953 F.2d at 861-62; *Dawson*, 988 F. Supp. at 802-03; *Ellingsworth*, 783 F. Supp. at 218-21. Churchill has not alleged cause for his procedural default in the state courts and thus the claim should be summarily rejected.

Furthermore, Churchill cannot establish prejudice. When a petitioner challenges his incarceration on the ground that insufficient evidence was presented to convict him, "the relevant

6

question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond any reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *accord Orban v. Vaughn*, 123 F.3d 727, 731-33 (3d Cir. 1997). The issue is not whether the Court believes the evidence at trial established guilt beyond a reasonable doubt, but whether a rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *See Moore v. Deputy Comm'rs of the State Correctional Inst.,* 946 F.2d 236, 243 (3d Cir. 1991), *cert. denied*, 503 U.S. 949 (1992). Thus, the jury weighs the evidence, and the Court must defer to the jury's resolution of conflicts in evidence. *See Jackson*, 443 U.S. at 326 (holding any argument relating to the credibility of the government's witnesses is irrelevant to a determination of the sufficiency of the evidence); *Moore*, 946 F.2d at 243. In the first instance, Churchill was neither charged with nor convicted of trafficking in cocaine. There is no evidence that Churchill was sentenced for anything other than the offense of which he was convicted – delivery of cocaine. As to the delivery of cocaine charge, two police officers testified at trial that Churchill had shouted that he had thirty dollars worth of dope moments before he made a hand-to-hand transaction with another man, Churchill receiving cash and the other man receiving a small object from Churchill's hand. The officers radioed other officers who stopped the two men less than a minute later, finding money in Churchill's pocket and crack cocaine in the other man's pocket. Based on the officers' testimony, a rational trier of fact could have found that Churchill delivered cocaine to the other man. Thus, Churchill cannot demonstrate prejudice and his claim of insufficient evidence should be dismissed.

## Conclusion

Based upon the Superior Court docket sheet, it appears that transcripts of Churchill's preliminary hearing, trial and sentencing have been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us

Date: November 4, 2005