IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KELLY CHURCHILL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-439-SLR |
| | ) | |
| THOMAS L. CARROLL, | ) | |
| Warden, and CARL C. | ) | |
| DANBERG, Attorney | ) | |
| General of the State of | ) | |
| Delaware, | ) | |
| | ) | |
| Respondents. | ) | |

Kelly Churchill.  Pro se petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware
Department of Justice, Wilmington, Delaware.  Counsel for
respondents.

**MEMORANDUM OPINION**

July 10, 2006
Wilmington, Delaware

**ROBINSON,** Chief Judge

## I.   INTRODUCTION

Presently before the court is petitioner Kelly Churchill's ("petitioner") application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (D.I. 1)  Petitioner is a Delaware inmate in custody at the Delaware Correctional Center in Smyrna, Delaware.  For the reasons that follow, the court will dismiss his application.

## II.   BACKGROUND

In October 2001, a Delaware Superior Court jury convicted petitioner of delivery of cocaine in violation of Del. Code Ann. tit. 16, § 4751.  The Superior Court sentenced petitioner as an habitual offender to life in prison.  The Delaware Supreme Court affirmed petitioner's conviction and sentence on direct appeal.  Churchill v. State, 812 A.2d 224 (Table), 2002 WL 31780197 (Del. Nov. 20, 2002).

In May 2003, petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion").  The Delaware Superior Court denied the Rule 61 motion, petitioner appealed, and the Delaware Supreme Court dismissed the appeal as untimely.  Churchill v. State, 2005 WL 534920 (Del. Feb. 10, 2005).

Petitioner filed the instant application for habeas relief in June 2005.  (D.I. 1)  The State filed an answer, contending

1

that the court must deny the application as procedurally barred.
(D.I. 9)

## III. **EXHAUSTION AND PROCEDURAL DEFAULT**

A federal court may consider a habeas petition filed by a
state prisoner only "on the ground that he is in custody in
violation of the Constitution or laws or treaties of the United
States." 28 U.S.C. § 2254(a). One prerequisite to federal
habeas review is that a petitioner must exhaust all remedies
available in the state courts. See 28 U.S.C. § 2254(b)(1). The
exhaustion requirement is grounded on principles of comity to
ensure that state courts have the initial opportunity to review
federal constitutional challenges to state convictions. Werts v.
Vaughn, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies
the exhaustion requirement by "fairly presenting" the substance
of the federal habeas claim to the state's highest court, either
on direct appeal or in a post-conviction proceeding, and in a
procedural manner permitting the state courts to consider it on
the merits. See Duncan v. Henry, 513 U.S. 364, 365 (1995);
Castille v. Peoples, 489 U.S. 346, 351 (1989); Lambert v.
Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).

If a petitioner presents unexhausted habeas claims to a
federal court, but state procedural rules bar further state court
review of those claims, the federal court will excuse the failure
to exhaust and treat the claims as exhausted. Lines v. Larkins,

2

208 F.3d 153, 160 (3d Cir. 2000); Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001); see Teague v. Lane, 489 U.S. 288, 297-98 (1989). Although deemed exhausted, such claims are considered procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 749 (1991); Lines, 208 F.3d at 160. Similarly, if a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. See Coleman, 501 U.S. at 750; Harris v. Reed, 489 U.S. 255, 260-64 (1989).

A federal court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Coleman, 501 U.S. at 750-51; Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, the petitioner must show that the errors during his trial created more than a possibility of prejudice; he must show that the errors worked to his actual and

3

substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 494.

Alternatively, if the petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," Murray, 477 U.S. at 496, then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger v. Frank, 266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998); Murray, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. Hubbard v. Pinchak, 378 F.3d 333, 339-40 (3d Cir. 2004).

## IV. DISCUSSION

Petitioner's application presents two claims for relief: (1) the evidence was insufficient to convict petitioner of delivery of cocaine or trafficking in cocaine; and (2) trial counsel provided ineffective assistance for failing to investigate

4

whether there were potential witnesses, for failing to take ample time to keep petitioner apprised of the case, and for failing to file a pre-trial motion to dismiss for insufficient evidence. (D.I. 1)

After thoroughly reviewing the record, the court concludes that petitioner procedurally defaulted his habeas claims at the state court level. Petitioner presented claim one to the Delaware Supreme Court in his post-conviction appeal, along with his allegation that trial counsel provided ineffective assistance by failing to investigate potential witnesses, but the Delaware Supreme Court dismissed the appeal as untimely under Delaware Supreme Court Rule 6. This court has consistently held that a dismissal pursuant to Delaware Supreme Court Rule 6 constitutes a procedural default under the independent and adequate state procedural rule doctrine. See Kirby v. Delaware Via Detainer, 2001 WL 641729, at *3 (D. Del. May 29, 2001)(collecting cases). Thus, claim one and petitioner's first allegation of ineffective assistance of counsel are exhausted but procedurally defaulted.

Petitioner's other two allegations of ineffective assistance are not exhausted because he did not raise these claims in his Rule 61 motion and subsequent post-conviction appeal. Petitioner cannot obtain further state court review of these allegations because a new Rule 61 motion would be time-barred under Rule 61(i)(1) and barred as repetitive under Rule 61(i)(2). See

5

Righter v. Snyder, 2002 WL 63802, at *4. Although the court must excuse petitioner's failure to exhaust state remedies in these circumstances, the claims are still procedurally defaulted. Thus, the court is barred from reviewing the merits of any of petitioner's claims absent a showing of cause for the default, and prejudice resulting therefrom, or that a miscarriage of justice will occur in the absence of such review.

Petitioner does not allege, and the court cannot discern, any cause for procedurally defaulting the instant claims. In the absence of cause, the court does not need to address the issue of prejudice. Additionally, the miscarriage of justice exception to the procedural default doctrine does not excuse petitioner's default because he has not provided new reliable evidence of his actual innocence.

Accordingly, the court will dismiss petitioner's habeas application as procedurally barred.

## V. **CERTIFICATE OF APPEALABILITY**

Finally, the court must decide whether to issue a certificate of appealabilty. See Third Circuit Local Appellate Rule 22.2. The court may issue a certificate of appealability only when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of

6

the denial of a constitutional claims debatable or wrong." Slack
v. McDaniel, 529 U.S. 473, 484 (2000).

Further, when a federal court denies a habeas petition on
procedural grounds without reaching the underlying constitutional
claim, the prisoner must demonstrate that jurists of reason would
find it debatable: (1) whether the petition states a valid claim
of the denial of a constitutional right; and (2) whether the
court was correct in its procedural ruling. Slack, 529 U.S. at
484.

For the reasons stated above, the court concludes that
petitioner's habeas application must be denied. Reasonable
jurists would not find this conclusion debatable. Consequently,
petitioner has failed to make a substantial showing of the denial
of a constitutional right, and a certificate of appealability
will not be issued.

**VI.   CONCLUSION**

For foregoing reasons, the court will deny petitioner's
application for habeas relief filed pursuant to 28 U.S.C. § 2254.

An appropriate order will be entered.

7